### BLAKESLEE v. CITY OF GENEVA.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1 MUNICIPAL CORPORATIONS—DITCH IN STREET—DUTY TO GUARD—CITY'S LIABILITY—OWNER'S NEGLECT—NOTICE.
Where an adjoining property owner dug a trench in a street, the duty of guarding the same rested primarily on him, and not on the city, and the latter was not chargeable with negligence till after due notice of the owner's neglect to light and guard such trench.

2. SAME—EVIDENCE—CITY'S NEGLIGENCE. ·
Where a person was injured at 9 o'clock in the evening by falling into a ditch dug in the street by a property owner, and a neighbor, observing that there was no light to guard the excavation, formally notified the city

general sewer inspector of the neglect half or three-quarters of an hour before the accident, and it would have taken such inspector not more than five minutes to put up a light at such trench, the evidence was sufficient to support a finding that the city was negligent in not putting up a light to guard the trench within a reasonable time after it had notice of the property owner's neglect to do so.

3. SAME—INSTRUCTIONS—IRRELEVANT—DITCH UNGUARDED IN DAY.

Where a property owner digging a trench in a street left the same at night without a light or barricade, and one injured in consequence thereof sued the city, and the case went to the jury on the single question as to whether the city was negligent in not putting up a barricade and light after its general sewer inspector had been notified of the property owner's neglect to do so, a requested instruction that the fact that an inspector saw the excavation unguarded in the daytime, while the workingmen were there, was not evidence that the defendant was negligent, was properly refused as irrelevant.

4. SAME—DITCH UNLIGHTED—SUFFICIENCY OF WHITE LIGHT.

Where it was conceded that there was no light to guard a ditch in a street on a certain night, the giving of a requested instruction as to the sufficiency of a white light in a suit against the city for injury to a person falling into such ditch was harmless error.

Laughlin, J., dissenting.

Appeal from trial term, Ontario county.

Suit by Ruth C. Blakeslee against the city of Geneva. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Charles A. Hawley, for appellant.
John Gillette, for respondent.

WILLIAMS, J. The judgment and order appealed from should be affirmed, with costs. The action was brought to recover damages for injuries to the plaintiff alleged to have been caused by the negligence of the defendant. An open trench in one of the defendant's streets was left unguarded and unlighted at night. The plaintiff, while riding with her husband in a carriage through the street, was thrown from the carriage upon its being driven into the trench, and injured. The trench was opened, not by the defendant itself, but by a property owner, for the purpose of making connections between his house and the sewer and water mains along the street. It is contended now, as it was at the trial, in behalf of plaintiff, that the defendant, in legal effect, opened the trench itself, and was, therefore, guilty of negligence in leaving it unguarded and unlighted in the nighttime, without any proof of notice of the specific neglect complained of. The court, however, in submitting the case to the jury, charged that the defendant was not chargeable primarily with the duty of guarding the excavation, as if made by itself, but such duty rested upon the property owner, who actually opened the trench, and therefore the defendant was not chargeable with negligence until after due notice of the neglect complained of, either actual or constructive. In the view we take of the case, therefore, we need only consider it upon the theory on which it was submitted to the jury. There was evidence sufficient to submit it to the jury to the effect that the acci-

dent occurred at 9 o'clock in the evening; that a resident on the street, observing that there was no light to guard the excavation, though there was a barrel and stick barricade, went, and formally notified Joyce, the defendant's general sewer inspector, of the neglect, a half or three-quarters of an hour before the accident; and that it would have taken Joyce not to exceed five minutes to go and put up the light, after such notice was given. He did not go to the place until just after the accident. Upon this evidence the court left it to the jury to say whether the defendant was guilty of negligence in not putting up a light or barricade to guard the trench within a reasonable time after it had notice of the neglect of the property owner who opened the trench to put up such light and barricade. The jury found this issue in plaintiff's favor. It was a question of fact for the jury, and we should not disturb their finding. The question of the absence of contributory negligence was also one of fact for the jury, upon the evidence in the case. We cannot say the amount of the verdict, $1,000, was excessive.

The question was one of fact for the jury.

The only other question calling for consideration relates to some requests to charge, viz.: (1) The defendant requested the court to charge that the fact that an inspector saw the excavation unguarded in the daytime, while the workmen were there, was not evidence that the defendant was negligent. Declined, with exception. (2) The court, on the request of the plaintiff, further charged that whether the white light was sufficient, and whether what was put along the ditch was sufficient as a barricade and light, was a question of fact for the jury to consider, under all the evidence, and defendant excepted. A careful reading of the body of the charge and of the disposition by the court of the other requests fails to show why these two requests were made, or how they were in any way material or important, considering the theory upon which the case was submitted to the jury. Whether the defendant was negligent by reason of anything the inspector of streets saw in the daytime, while the workmen were there, was of no importance, because the court clearly left the case to the jury upon the single question as to whether the defendant was guilty of negligence in not putting up a light or barricade at the trench after Joyce, the sewer inspector, had been notified that the property owner had neglected to put up such light or barricade. This called for a consideration merely of what occurred or did not occur during the hour between 8 and 9 o'clock of the night of the accident, after the men had left for the night. The jury could not have supposed they were to consider what the inspector of streets saw in the daytime, while the men were there, in determining the particular ground of negligence submitted to them. As to the other request, it is not apparent why the request was made or charged as to the sufficiency of a white light, because concededly there was no light of any color to guard the trench on the night of the accident, prior to or at the time of the accident. There was no impropriety in leaving for the consideration of the jury the question as to the sufficiency of the barricade put along the trench, because a barrel and stick 10 or 12 feet long had been placed along the trench as a barricade by

the men before they left; and the question was left to the jury generally in the body of the charge whether the defendant had provided, after due notice, adequate barricade, or lights, or other warning at the trench. The court may not have understood the particular language of these two requests, as there may have been a mistake by the reporter in taking his minutes or transcribing them. There was evidently some mistake somewhere. We are unable, however, to see how any injury could have been done to the defendant in disposing of the requests. There is nothing apparent which calls for a reversal of the judgment or order.

The judgment and order should be affirmed, with costs. All concur, except LAUGHLIN, J., who dissents in an opinion.

LAUGHLIN, J. (dissenting). I am of opinion that the effect of the court's refusal to charge the jury as requested on that subject was to permit the jury to charge the defendant with negligence in not anticipating that the contractor would fail to guard the trench at night because it was not guarded in the daytime. The request contained a correct, material, relevant proposition of law, and it should have been charged. On the night before the accident a barricade was erected along the open trench, and a white light was placed thereon. The evidence introduced on the part of plaintiff showed that on the night of the accident no barricade or light was placed about the trench; but one witness on the part of defendant testified that he placed a barrel on one end and a stick at the other end of the excavation the evening of the accident. There was no evidence that anything was "put along the ditch" as a barricade that night. The jury would naturally infer, from the charge of the court leaving it to them to determine whether the white light and what was put along the ditch were sufficient as a light and barricade, this had reference to the barricade and light erected on the preceding night. This constitutes reversible error. It was improper to allow the jury to speculate and find that, even if the barricade and white light employed on the previous evening had been in place, this would have been insufficient to protect the public, and the accident would have happened.

There is no proof before us, and it is not suggested by counsel, that there was any error in the record as printed. Precedents, bad or good, like the opinions of experts, may be obtained for either side of most any proposition; but I know of no authority or precedent for this court indulging in the assumption that there has been a mistake made by the stenographer in taking or transcribing his minutes, and upon that theory sustaining a judgment, which, according to the record as presented to us, should be reversed.