(64 App. Div. 56.)

### TOUHEY v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE—INJURIES.

Under Rochester city charter (Laws 1880, c. 14, § 218), providing that the city shall not be liable for any injury from a defective sidewalk unless actual notice of its condition has been given the city officers a reasonable time before the injury, and the officer having charge of the highways shall have power to repair any sidewalk, where the property owner neglects to do so for five days after written notice has been served on him, notice to the superintendent of repairs of the defective condition of a sidewalk at the time of a notice to the property owners, only four days before an injury, was insufficient to charge the city with negligence in failing to repair it.

2. SAME—NOTICE TO SIDEWALK INSPECTORS.

Knowledge of the defective condition of a sidewalk by a sidewalk inspector appointed by the executive board, having no authority to make repairs, but only charged with the duty of inspecting sidewalks, and notifying property owners to repair the defect, and if not so repaired in five days to report the fact to the foreman of repairs or the chief inspector, who had authority to make repairs, is not sufficient notice to officers having charge of the highways, within the requirements of the charter.

3. SAME—ACTIONS—INSTRUCTIONS.

Where, in an action for injuries from a defective sidewalk, it appeared that a defect, of which notice had been given to the city, was several feet from the one which caused the injury, and had been repaired before the injury, it was not error to refuse plaintiff's request to instruct that the jury might consider whether notice of the condition of the sidewalk had been given, and whether it was repaired thereafter and before the accident, as not based on evidence.

Appeal from trial term, Monroe county.

Action for injuries by Martin Touhey against the city of Rochester. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Eugene Van Voorhis, for appellant.
Porter M. French, Corp. Counsel, for respondent.

McLENNAN, J. The plaintiff claims that on the night of the 25th day of August, 1893, while walking upon the northerly sidewalk on University avenue, one of the public streets of the defendant, in front of property owned by the New York Central & Hudson River Railroad Company, at a point about 100 feet east of its car shops, a board in the sidewalk gave way, and he was precipitated into a hole beneath, was thrown down, and received serious and permanent injuries, and without any fault or negligence on his part; that the sidewalk was in a defective, unsafe, and dangerous condition at the time in question, and had been for a long time prior to the accident, to the knowledge of the defendant; and that actual notice of such unsafe or dangerous condition had been given to the officers of the defendant at such time prior to the accident that, in the reasonable discharge of their duty, they should have repaired and remedied the same. Upon the trial of the action substantially three issues or questions of fact were submitted to the jury: First, was the defendant negligent in permitting the sidewalk to remain and be in the condition in which it was? Second, was the plaintiff guilty of contributory negligence? And, third, had actual notice of the unsafe or dangerous condition of the walk been given to the officers having charge of the street of the city a reasonable time before the happening of such injury, as required by the charter of the defendant, being section 218 of chapter 14 of the Laws of 1880? The jury were instructed, in substance, that, if all or any one of such questions were answered favorably to the defendant, the plaintiff could not recover.

The only controversy arises over the manner in which the third proposition was submitted by the learned trial court, and we may assume, for the purposes of this appeal, that the evidence upon the two other propositions was such as to entitle the plaintiff to recover, provided the jury had answered the third proposition favorably to him. It is therefore only necessary upon this appeal to determine whether or not reversible error was committed by the learned trial court in the submission of the question, had the officers of the defendant actual notice of the condition of the sidewalk in question for a reasonable time prior to the accident?

The section of the charter provides:

"The city of Rochester shall not be liable for any injury caused by such sidewalk or any road being out of repair, or unlawfully obstructed or dangerous from snow or ice, unless actual notice of the unsafe or dangerous condition thereof has been given to the city officers having charge of the highways, a reasonable time before the happening of any such injury."

The charter also provides:

"The executive board, superintendent of streets or other officer or body having charge of the highways within said city, shall have power to repair any sidewalk where the owner of the property shall neglect or refuse to repair the same for five days after written notice so to do has been served upon him."

It appeared that the street department of the city of Rochester was under the control of an executive board, composed of three

members and a superintendent of streets appointed by them. The inspection of sidewalks was left to a large number of sidewalk inspectors, also appointed by the executive board, who were charged with the duty of inspecting the sidewalks of the city, and, when defects were discovered, to serve notice upon the abutting property owners, requiring them to remedy the defects within five days. In case the property owner did not make such repairs within that time, it was the duty of the inspector to report the fact to a foreman of repairs or chief inspector, who was in charge of the repair gang, and who had authority to make such repairs, and the cost thereof then became a charge and lien upon the abutting property.

The evidence tended to show that at the time of the accident in question, and for a year or more prior thereto, one Moore was superintendent of repairs, and a Mr. Sontag was inspector of sidewalks; that on the 1st day of August, 1893, Sontag served a notice upon the New York Central & Hudson River Railroad Company, stating, in substance, that the sidewalk in question was out of repair, and calling upon the company to repair the same. The notice was in writing, was upon a form furnished to sidewalk inspectors by the executive board, and was signed by Sontag as inspector. Mr. Sontag, who was called as a witness on behalf of the plaintiff, testified that after five days had elapsed from the date of the service of the notice by him he again examined the sidewalk, and found that it had not been repaired, and that thereupon he reported the matter to Moore, the foreman, who had authority to repair the sidewalk in question. The walk was not repaired, and upon the 21st day of August Sontag served a second notice upon the railroad company, by the direction of Moore. At the time of the trial Moore was dead, and it appeared that soon after the accident occurred Sontag made an affidavit, in which he stated that he had never called the attention of Moore or of any other officer of the city of Rochester to the fact that the sidewalk in question was out of repair. The learned trial court, therefore, submitted the question of fact to the jury whether or not Sontag had notified Moore, the superintendent of repairs, of the defective condition of the sidewalk, as testified to by him; and charged the jury that, if they believed Sontag's testimony in that regard, the requirements of the statute requiring actual notice to be given to "the city officers having charge of the highways, a reasonable time before the happening of any such injury," had been complied with, and charged, in substance, that if such information had not been given by Sontag to Moore the plaintiff was not entitled to recover; and the court further charged that, even if Moore had notice of the defective condition of the sidewalk on the 21st day of August, only four days before the accident, that was not such reasonable time as would charge the defendant with negligence, in case the walk was not repaired between that day and the time of the accident.

It is clear that the jury by its verdict found that Sontag, the sidewalk inspector, did not inform Moore of the condition of the walk at the expiration of the five days after serving the first notice upon the railroad company, as testified to by him, and we think the learned trial court properly held that, even if Moore had knowledge of the

defective condition of the walk only four days before the accident, the defendant was not chargeable with negligence for failure to repair the sidewalk within that time, because, under the provisions of its charter, the city had no authority to make such repairs until five days after notice had been served upon the railroad company, and it had failed to make such repairs, and it would be unreasonable to charge the defendant with negligence on account of omitting to do an act which it had no authority to do under the provisions of its charter.

The learned counsel for the appellant contends that the knowledge of the defective condition of the sidewalk by Sontag, the sidewalk inspector, and which induced him to serve the first notice of such defects upon the railroad company, was sufficient to charge the defendant, even if he did not notify Moore, as testified to by him; that Sontag was in fact the agent of the executive board; was authorized to act for it, and give notice to property owners of defects in sidewalks, in the name of the board or of the street superintendent; and that his knowledge of such defects was the knowledge of the executive board, and was sufficient in that regard to establish liability on the part of the defendant. We think the proposition is untenable, and that the evidence so far referred to was insufficient to prove actual notice to the officers of the city having charge of the highways, unless the jury believed the testimony of Sontag, in which he stated that he had notified Moore of the condition of the walk in question five days after the 1st day of August, the date when the first notice was served upon the railroad company. Sontag had no authority to repair the sidewalk in question, or any of the other sidewalks in the city. His only duty, as we have seen, was to examine the sidewalks, discover defects if they existed, serve notice upon the property owners of such defects, and, if such defects were not remedied within five days, to notify the superintendent, to the end that he might make the needed repairs, which he was authorized to do, and thus make them a charge upon the abutting property.

We think this proposition must be regarded as settled by the decision in the case of Smith v. City of Rochester (Sup.) 19 N. Y. Supp. 459. In that case the plaintiff offered to show by a witness that he was one of the sidewalk inspectors of the city at the time of the accident, and that in the performance of his duty as such inspector he passed by the place in question, and saw its condition on the day of the accident; that he was appointed such inspector by the executive board; and that his duty was, among other things, to examine the sidewalks, and ascertain for the executive board whether or not the same were out of repair or in a dangerous condition. It was held that such knowledge on the part of the inspector was not chargeable to the executive board, under the provisions of the statute. The court said:

"But the knowledge of the inspector cannot be imputed to the members of the executive board, under any rule of law with which we are acquainted. The members of the executive board are themselves but mere agents of the municipality, and the statute has seen fit absolutely to say that a municipal corporation shall not be liable for injuries of this character unless actual notice has been brought home to the executive board. This, of course, does

not mean that a formal notice shall be served upon each or any member of the board. It is sufficient that they have knowledge of the defects a reasonable time before the injuries complained of were received to enable an action to be maintained, but the knowledge of any other person whom they may employ is not imputable to the board until it is in some way brought to their attention."

In the case of Sprague v. City of Rochester, 159 N. Y. 26, 53 N. E. 697, it was held that a liberal construction of the statute was proper, and that "city officers" should be held to include "any person having charge of the highways, by authority of the power of superintendence delegated to him by the executive board."

It was further said at page 28, 159 N. Y., and page 700, 53 N. E.:

"We think that notice of defects in sidewalks given to a foreman of sidewalks, clothed with general power to repair throughout a large district of the city, is notice to a city officer having charge of the highways, within the meaning of the charter. This construction gives the city protection against imputed negligence, without relieving it from actual negligence, and thus fulfills the purpose of the statute."

In the case at bar, as we have seen, no such conditions existed. Sontag, the "sidewalk inspector," so called, was not authorized to repair,—had no power so to do. He was simply employed to discover defects, give notice to the property owners if defects were found, and, in case they failed to comply with the requirements of the notice, to report such fact to the superintendent or chief inspector, to the end that he might remedy the defect. Any other interpretation of the statute would clearly nullify the intent and purpose of the legislature. If it should be held that actual notice of a defective sidewalk to any one of the numerous sidewalk inspectors employed by the city, none of whom had authority to make repairs, or do any act in that regard, is equivalent to giving such notice to officers having charge of the highways, the words of the statute would be meaningless, and would not afford the city the protection clearly intended.

It is urged, however, on the part of the appellant, that there was testimony which tended to show that in the fall of 1892 one Durant notified Aldridge, who was a member of the executive board, of the defective condition of the sidewalk in question, and that such defective condition had continued until the time of the accident, and the court was asked by appellant's counsel to charge "that the jury may consider as to whether Durant gave notice to Aldridge, a member of the executive board, as to the condition of the sidewalk in 1892, and as to whether the sidewalk was repaired after that time, and before the accident to the plaintiff." The request was declined, and the appellant's counsel duly excepted. We think the request was not proper, and was properly declined, for several reasons: First, it appears by the evidence of Durant, who testified that he gave the information to Aldridge, that about three months after he had such talk he noticed that the sidewalk which he referred to had been repaired. He noticed that new planks had been put in where they had been broken. "They had some one there repairing the walk about three months after I reported to Aldridge." He further stated that after these repairs had been made he did not notice any loose boards. From reading the evidence of Durant, it is

impossible to conclude that the defects in the sidewalk which he reported in the fall of 1892 existed at the time of the accident, or for any considerable length of time after he informed Aldridge of the defective condition of the walk. It is true the walk was not relaid or put in perfect condition, but it cannot be said that the defects which were reported to Aldridge by Durant were not remedied before the accident occurred. Again, it appears that the accident did not occur upon that part of the walk reported by Durant to Aldridge as being out of repair. The evidence of Durant—and it is the only evidence upon the question—is to the effect that he reported to Aldridge that the sidewalk was out of repair in front of the car shops of the New York Central Railroad Company; that the walk was in bad repair there. The evidence in the case clearly shows that the accident occurred at least 100 feet from the easterly end of the car shops, although in front of the property owned by the railroad company. So that, if it be assumed that Durant notified Aldridge of the condition of the walk in front of the car shops, it cannot be said that he had actual notice of the condition of the walk 100 feet distant, or at the place where the accident in question occurred. We conclude that the testimony of Durant in regard to his conversation with Aldridge raises no issue of fact upon which a verdict against the defendant could be based, and that such evidence was not material or proper to be considered by the jury, and therefore that no error was committed by the learned trial court in refusing to charge as requested.

No other ruling has been called to our attention which presents reversible error or requires discussion. All the issues raised by the evidence were fairly presented to the jury by the learned trial court, and their verdict upon these issues, which was adverse to the plaintiff, we think should be regarded as conclusive. It follows that the judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.