## JULIA E. ABBOTT *vs*. CITY OF ROCKLAND.

## Knox.    Opinion February 18, 1909.

*Municipal Corporations.    Defective Ways.    Twenty-four Hours' Notice of Defect.
Same a Condition Precedent to Recovery.    Same Must be of Identical
Defect.    How Proved.    Notice to Police Officer Insufficient.
Presumptions.    Statute, 1887, chapter 206.    Revised
Statutes, chapter 23, section 76.*

Revised Statutes, chapter 23, section 76, imposes as a condition precedent to the right of a traveler to recover for injuries received upon a highway, proof on his part that " the municipal officers or road commissioners of such town or any person  . . . . .    authorized by any municipal officer, or road commissioner of such town, to act as a substitute for either of them, had twenty-four hours' actual notice of the defect or want of repair.

The twenty-four hours' notice required by Revised Statutes, chapter 23, section 76, must be actual notice, not constructive, and it must be of the identical defect which caused the injury.

The twenty-four hours' actual notice required by Revised Statutes, chapter 23, section 76, may be proved by direct or circumstantial evidence and may be established by all grades of competent evidence.

Where the plaintiff sought to recover damages for a personal injury received by reason of an alleged defective sidewalk in the defendant city, and in relation to the twenty-four hours' actual notice of the defect proof that such notice was given to a police officer, coupled with evidence that such complaints were ordinarily made to the police department and that the police officers were in the habit of reporting them to the street commissioner, *held* not to be sufficient evidence to meet the statute requirement.

Where it was no part of the official duty of police officers to receive complaints about highway defects and report them to the road commissioner, *held* that there was no such official duty or responsibility resting upon such officers as would give rise to a presumption that such a notice given to them was by them communicated to the road commissioner.  ·

On exceptions by plaintiff.    Overruled.

Special action on the case to recover damages for personal injuries sustained by reason of an alleged defect in the sidewalk on Lovejoy Street in the defendant city.    Plea, the general issue.    Tried at the January term, 1908, Supreme Judicial Court, Knox County. At the conclusion of the plaintiff's evidence and on motion of the defendant city, the presiding Justice ordered a nonsuit on the

ground that the plaintiff had failed to introduce sufficient evidence to entitle her to go to the jury on the question as to whether the proper officials of the defendant city, under the statute, R. S., chapter 23, section 76, had twenty-four hours' actual notice of the defect, and to this ruling the plaintiff excepted.

The case is stated in the opinion.

*C. M. Walker, and Arthur S. Littlefield*, for plaintiff.

*Philip Howard*, for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, CORNISH, BIRD, JJ.

CORNISH, J.　Section 76 of chapter 23 of the Revised Statutes imposes as a condition precedent to the right of a traveler to recover for injuries received upon a highway, proof on his part that "the municipal officers or road commissioners of such town or any person authorized by . . . . any municipal officer, or road commissioner of such town, to act as a substitute for either of them, had twenty four hours' actual notice of the defect or want of repair." Prior to the passage of chapter 206 of the Public Laws of 1877 all that was required was reasonable notice to the town, which was held to be such notice as gave the town officers or some of the inhabitants, information of the actual condition of the road.　The amendment of 1877 prescribed a more definite requirement respecting notice and imposed a more rigorous limitation upon the traveler's right to recover.　One of the officers named must now receive twenty-four hours' actual, not constructive, notice and it must be of the identical defect which caused the injury.　Such actual notice may be proved by direct or circumstantial evidence, that is by information of the existing facts conveyed to the party to be notified, or by circumstances showing personal knowledge on his part.　Being a conclusion of fact it may be established by all grades of competent evidence, but established it must be before the injured party can maintain his action.　These general principles thus briefly stated are more fully considered in *Smyth* v. *Bangor*, 72 Maine, 249 ; *Rogers* v. *Shirley*, 74 Maine, 144 ; *Hurley* v. *Bowdoinham*, 88 Maine, 293 ; *Littlefield* v. *Webster*, 90 Maine, 213 ; *Ham* v. *Lewiston*, 94 Maine, 265.

The injury to the plaintiff for which this suit is brought was caused by a defect in a sidewalk on Lovejoy St. in the defendant city, October 10, 1905. As proof of actual notice to the street commissioner, the plaintiff relied upon the testimony of John Reardon, supplemented by an alleged custom in the police department. Reardon, a boy fourteen years of age, testified that a few days prior to the accident he noticed a bad place in the sidewalk at the point in question, which he describes as "a piece that had rotted off the stringer, and it left quite a hole there, so you could get your foot right in it;" that acting under instructions from his father, he called at the police station on his way to school, and "notified the police to fix it," that he thinks he saw policeman Post there and told him that the hole "was pretty bad" and "needed fixing." The evidence showed that at that hour in the morning either the city marshal or Post should be on duty. The jury might therefore be justified in inferring that Reardon notified Post as he said. Here ends the direct testimony on this point. Reardon notified no one except Post and there is no evidence that Post or any one else ever notified the street commissioner.

Assuming therefore that notice was given to the policeman, and also that it was of the actual defect which caused the injury, which is by no means free from doubt, it stops short of reaching any party required by statute to be notified. The plaintiff seeks to prove the notice by two steps, first by the boy to the police and second by the police to the road commissioner. The first is made out, the second fails. The city marshal and Post both testified that they had no recollection of receiving the complaint from Reardon, nor of communicating it to the road commissioner and the road commissioner himself was not called as a witness. Direct testimony on this point is therefore lacking.

To fill the gap the plaintiff relies upon an alleged custom in the police department to receive complaints about highway defects and report them to the road commissioner, and invokes the rule that a public officer is presumed to have performed his official duty. This is undoubtedly a legal presumption in some cases but it has no application here for the element of official duty is lacking.

The city marshal testified that the police received a great many such complaints and under his instructions made a practice of notifying the commissioner as soon as possible.

But it was no part of their official duty to receive and report such complaints to the commissioner. No statute or ordinance required it; no record of such complaints was kept. Doubtless it was done in many cases in the interest of the municipality, the same as similar complaints to the city clerk or chief engineer of the fire department might be transmitted to the proper authority. But there was no such official duty or responsibility resting upon these officers as would give rise to a presumption that a notice given to them was by them communicated to the commissioner.

The cases cited by the plaintiff are not in point.

In *Welch* v. *Portland*, 77 Maine, 384, the presumption invoked was that the street commissioner himself did his duty by going or sending at once to find and repair a reported defect. This was within the strict line of his official duty. So it might be presumed that a police officer proceeded at once to take measures to quell a riot reported to him, because that was within his official sphere. When out of that sphere any such presumption does not obtain, and there are no presumptions affecting the probability of the action of a street commissioner in the police department nor of a police officer in the street department, in the absence of evidence showing their duties in those departments.

In *Twogood* v. *N. Y.*, 102 N. Y. 216, 6 N. E. 275, actual notice was not required. If the defective condition of the street had existed for such a length of time that its existence ought to have been known to the public authorities it was sufficient. The court therefore held that an instruction to the jury that written reports of the condition of snow and ice made by a police officer to his superior in the usual course of his duty, which reports were customarily transmitted to the corporation attorney, did not constitute a notice to the city, was erroneous, as taking from the jury the question whether this condition had existed for such a length of time that actual notice ought to be imputed. The Maine statute allows no such imputation of actual notice.

In *Joliet* v. *Looney*, 159 Ill. 471, 42 N. E. 855, the required notice could be either express or implied, and the court held that where, with knowledge and approval of the superintendent of streets, a book was kept at the police station, in which policemen were directed to note defects in sidewalks, and the superintendent was accustomed to resort to these reports for information, in case of knowledge of a defect by a policeman for a sufficient length of time, in the exercise of reasonable care, to report and repair it, the city will be chargeable with notice of the defect.

Such a decision has no bearing upon the case at bar where actual notice must be proved.

Finally the plaintiff claims that the fact that the city repaired the defect the next morning after the accident and so far as the evidence shows, without knowing of the injury, adds strength to the theory that the commissioner had received notice of the condition through the channel of the police. This rests upon assumption and not upon evidence. The burden is upon the plaintiff to prove that the commissioner did receive the notice, not on the defendant to prove that he did not receive it.

Taking all the evidence in the case and giving it the full effect which a jury would be authorized to give, it is clear that the plaintiff failed to introduce sufficient to bridge the chasm between the police and the street commissioner or to entitle her to go to the jury on this question of actual notice. The nonsuit was properly ordered.

*Exceptions overruled.*
*Nonsuit to stand.*