(160 App. Div. 415)

#### HUYLER v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. January 30, 1914.)

1. MUNICIPAL CORPORATIONS (§ 790*)—DEFECTS IN STREET—NOTICE BY CITY.

Where an automobile with which plaintiff collided in the street was partially destroyed by fire at 10 o'clock at night, and after the fire was extinguished by the fire department, at which time several policemen were present, the car was abandoned in the street, the city was not charged with actual or constructive notice of its presence in the street so as to make it liable for plaintiff's injuries.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1645, 1646; Dec. Dig. § 790.*]

2. MUNICIPAL CORPORATIONS (§ 763*)—INJURIES IN STREETS.

The failure of a city to remove a partially burned and abandoned automobile from the street within a period of three hours and a half after it had notice thereof was not negligence so as to make it liable for injuries from a collision with the automobile.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1612–1615; Dec. Dig. § 763.*]

Appeal from Trial Term, Queens County.

Action by Juanita Huyler against the City of New York and another. From a judgment for plaintiff and an order denying motions for new trial, defendants appeal. Reversed, and new trial granted as to the City and affirmed as to the other defendant.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

William E. C. Mayer, of Brooklyn (Terence Farley, on the brief), for appellant City of New York.

Andrew C. Morgan, of New York City, for appellant O'Brien.

Charles Goldzier, of New York City (Frederick Hemley, of New York City, on the brief), for respondent.

RICH, J. The defendants city and O'Brien appeal from a judgment in favor of the plaintiff in an action to recover for negligence, and from an order denying a motion for a new trial.

It has been found that the plaintiff was injured while riding in the nighttime in an automobile in the possession and control of the de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant Holly, which collided with a wreck of another automobile belonging to the defendant O'Brien, which had been negligently abandoned by him upon a public highway of the city of New York, and left unguarded by lights or otherwise, without using proper reasonable diligence to warn persons traveling on the highway, and the evidence is sufficient to sustain the finding. The exceptions taken by the defendant O'Brien do not present reversible error, and the judgment and order as to him must be affirmed.

The learned trial court instructed the jury that the duty of the city did not begin until it had knowledge or notice of the incumbrance and had reasonable time within which to remove or safeguard the obstruction. It was charged that:

"Knowledge or notice may be actual or constructive. Actual notice means information given to or acquired by one in the city's employ, with authority over the road or highway, and with power to remove the incumbrance. Constructive notice means the existence of such facts or circumstances connected with the continued existence of the incumbrance that the city or those having authority over the road must have known, in the exercise of reasonable inspection, that it was illegally incumbered."

As a summary, the court charged the jury as matter of law:

"That there was no reasonable time to remove the auto, but I will leave it to you to say whether or not there was a reasonable time after notice to guard the auto or the highway or to place lights upon the burned frame, or in some proper manner give warning to. travelers coming along that Hoffman boulevard on that night."

O'Brien's automobile was not abandoned until long after the city departments were closed for the day, and the accident was before they were opened for the transaction of business on the following morning. It appears that the O'Brien car was partially destroyed by fire at about 10 o'clock on the night of September 26, 1911; that the fire was extinguished by the fire department; and that four policemen and two plain clothes men were at the scene of the accident, but subsequently left the place, O'Brien having taken charge of the car.

[1] The evidence is insufficient to warrant the finding that the defendant city had constructive notice of the obstruction prior to the accident, and the verdict must rest upon the assumption that it had actual notice of such obstruction, based upon the fact that the fire company and policemen were present when the automobile was burning, and knew of its remaining in the street. I do not think their presence at the time was sufficient to charge the city with notice. The learned court had instructed the jury that, before the city could be charged with actual notice, information must have been given or acquired by "one in the city's employ with authority over the road or highway, and with power to remove the incumbrance." There is no proof that the firemen or policemen had any authority over the highway or any duties with reference to it, and in this respect the case differs from Rehberg v. Mayor, etc., City of New York, 91 N. Y. 137, 43 Am. Rep. 657, and Blakeslee v. City of Geneva, 61 App. Div. 42, 69 N. Y. Supp. 1122.

[2] If it should be held that the presence of the firemen and police officers at the scene of the fire was sufficient to charge the city with

actual notice that for three hours and a half after the fire was extinguished, before the accident, the street was in a dangerous condition, I think that even then the judgment as to the city must be reversed under the rule declared in Cohen v. City of New York, 204 N. Y. 424, 97 N. E. 866, 39 L. R. A. (N. S.) 985, that:

"Where the period between discovery of the defect and the accident is so short that a jury should not be allowed to say as a question of fact that due diligence has been lacking."

As to the defendant O'Brien, the judgment and order must be affirmed, with costs, and, as to the defendant the city of New York, the judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.