COLLETTE R. GREINER, Respondent, *v.* CITY OF SYRACUSE, Appellant.

Fourth Department, March 12, 1930.

*H. Duane Bruce, Corporation Counsel* [*James C. Tormey, Assistant Corporation Counsel*], for the appellant.

*R. J. Shanahan,* for the respondent.

TAYLOR, J.   Plaintiff while upon an alleged public sidewalk was injured on September 30, 1928, by an explosion of a fireworks' bomb which was fired during a public demonstration conducted by an incorporated association within the city of Syracuse.   She has recovered a verdict of $2,000.   Shooting the bombs in a public place in the city of Syracuse on Sunday evening without a permit was unlawful (Penal Law, §§ 2145, 2151, as respectively amd. by Laws of 1919, chap. 260, and Laws of 1923, chap. 70; General Ordinances, City of Syracuse, chap. 14, § 8) and the jury finding that it was a nuisance was reasonable.   (*Melker* v. *City of New York,* 190 N. Y. 481.) Defendant did not create the nuisance and cannot be held liable for the injury caused unless it had actual or constructive notice of a dangerous situation in time to have prevented the explosion. (*McCloskey* v. *Buckley,* 223 N. Y. 187, 192.)   If it be assumed, as the court charged — and the assumption is favorable to respondent — that the duty rested upon the commissioner of public works to keep the streets and public places in Syracuse free from dangerous obstructions and in a reasonably safe condition for public use (Laws of 1905, chap. 684, § 1, as amd. by Laws of 1917, chap. 163; Syracuse Local Laws of 1927, No. 3 and No. 4, effective January 1, 1928, and December 28, 1927; Syracuse Local Laws of 1928, No. 1, effective September 15, 1928), notice to the commissioner or his deputized representative would have been notice to the city.   The only persons through whom notice is claimed to have reached defendant are certain policemen and one Barry, who was head of the street cleaning department.   The policemen were sent to the general locality from police headquarters at about eight o'clock on Sunday evening.   The bomb was fired at about ten o'clock.   Notice to policemen — especially such short notice — would not be notice to the city of the existence of such a nuisance, unless the police had express ministerial authority or at least authority by regulation or custom, to do something more than report to another city official.   (*Cohen* v. *City of New York, infra; Huyler* v. *City of New York,* 160 App. Div. 415; *Abbott* v. *Rockland,* 105 Me. 147, and *Woodward* v. *Bowder,* 46 Okla. 505.) Assuming that it was the duty of the police department to promptly report obstructions upon or defects in the streets and sidewalks to the commissioner of public works (Syracuse Local Laws of 1928, No. 1, § 1, subd. 2, effective September 15, 1928), and assuming that this court must take judicial notice of such local law (City Home Rule Law, § 32), no duty rested upon that department to itself remove obstructions.   It does not appear that these police officers, or their

superiors, had any foreknowledge of the placing of fireworks or of any intention to shoot bombs on Sunday evening, or that they had any warning of the probability of such occurrences on Sunday evening at a time such that the city could be held to have received notice, actual or constructive, through "such an agent." (*Cohen* v. *City of New York*, 204 N. Y. 424, 430.) This was not "a continuous invasion of the public right, habitually indulged in and known to the public officials." (*Farley* v. *Mayor, etc., of City of New York*, 152 N. Y. 222, 226.) It was an "isolated trespass," not to be anticipated — especially on a Sunday — because of the licensed exhibition on the previous evening. (Penal Law, § 2145; General Ordinances, City of Syracuse, chap. 14, § 8.) Even if it be inferred from Barry's presence at the scene in the afternoon and evening of Sunday, and from his transactions with the people who placed and fired the bomb, that Barry had adequate actual or constructive notice of what was likely to occur on Sunday evening, his official position was not such that notice to him was notice to the city, through the department of public works or otherwise, of the situation created and its potential dangers. The *locus in quo* was a *quasi* public place at least. But it was not a city street, and Barry's only official connection with the city was as head of the department the duties of which were confined to the cleaning of the streets. Whatever Barry assumed to do for the fireworks exhibitors was as a personal volunteer. He was not the *ad hoc* representative of the city (*Touhey* v. *City of Rochester*, 64 App. Div. 56, 60, 61; *Flansburg* v. *Town of Elbridge*, 205 N. Y. 423, 430), as was the foreman of sidewalks in *Sprague* v. *City of Rochester* (159 N. Y. 20).

Plaintiff satisfactorily sustained her burden of proof as to serving notice of claim and as to establishing her own use of caution. There is no complaint as to the size of the verdict. But the finding of liability in the defendant because of its failure to take appropriate action after adequate notice of a dangerous situation in this public place was contrary to the evidence.

The judgment and order should be reversed upon the law. But in order that plaintiff may have the opportunity of presenting proof tending to show that the defendant failed to do its duty to an extent which was a proximate cause of the injury to plaintiff, we grant a new trial, with costs to appellant to abide the event.

All concur, except SEARS, P. J., and CROUCH, J., who dissent and vote for affirmance. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.