WILLIAM SMITH, Appellant, *v.* THE CITY OF ALBANY, Respondent.

Third Department, November 1, 1939.

*Richman & Cooper* [*Borden H. Mills* of counsel], for the appellant.

*Joseph J. Casey, Corporation Counsel* [*Ralph S. Leonard, Assistant Corporation Counsel,* with him on the brief], for the respondent.

HILL, P. J. Appeal from a judgment dismissing plaintiff's complaint at the close of his evidence. The action was brought to recover damages for personal injuries received on one of defendant's streets during a political parade in 1936 through the premature explosion of a considerable quantity of red fire contained and confined in a metal pail. Plaintiff was a member of one of the bands engaged to furnish music for the occasion. The explosive was carried in pails from an automobile at the head of the parade alongside the marchers and at about two or three places in a block a pound would be emptied upon the street and a torch applied. This powder burns with a brilliant red color and when unconfined gives off a large volume of noxious and offensive gases. The powder confined in one of the pails in some way became ignited and exploded, killing the boy who was carrying it and injuring this plaintiff, whose permanent injury is the loss of thirty-five or forty

per cent of the hearing in one ear. No opinion was written by the trial justice, but he stated, upon granting the motion, that he relied upon *Greiner* v. *City of Syracuse* (228 App. Div. 566; affd., 256 N. Y. 688). The plaintiff in that case was not permitted to recover because, as the city did not create the dangerous condition and nuisance, a recovery could be had only upon proof of actual or constructive notice in time to prevent the explosion. From the memorandum in the Court of Appeals it appears that the decision there was upon the same ground.

Several days in advance of this large political parade advertisements and news items appeared in Albany newspapers stating that there would be " a colorful old-time parade with plenty of   *   *   * red fire." Prior to the fatal explosion large quantities of this combustible had been burned in front of the City Hall before the parade started and as it proceeded through the streets. At the head of the parade was an automobile containing about five hundred pounds of the powder from which large pails or coal scuttles were filled and distributed along the line of march for ignition. The contents of one of these pails exploded. Five or six motorcycle policemen followed the powder automobile; the mayor of the city as the " grand marshal " was immediately behind them. There were policemen along the sidewalks and the commissioner of public works, who had direct charge of the streets, participated in the parade and he had read several days in advance of the proposal to ignite red fire. An ordinance, passed by the common council of the city of Albany, effective October 3, 1932, prohibited the use or discharge of fireworks within the city. Fireworks were defined therein as follows: " Any combustible or explosive composition, or any substance or combination of substances, or article, prepared for the purpose of producing a visible or audible pyrotechnic effect by combustion, explosion, deflagration or detonation." It is hard to conceive of more direct or actual notice of the condition than here given both to the mayor and his commissioner of public works, who are the officials charged with keeping the streets in a safe condition. They each had actual knowledge by means of four of the five senses — all save touch. Much less has been held to constitute actual notice. It has been said in substance that knowledge of such facts as would lead a reasonably prudent man, using ordinary thoughtfulness and care, to make further inquiries, which he does not make, is actual knowledge. (*Isaac* v. *Town of Queensbury*, 277 N. Y. 37, 51; *Fidelity & Deposit Co.* v. *Queens County Trust Co.*, 226 id. 225, 233; *Newton* v. *Scott*, 254 App. Div. 140.) These officials, having actual notice of the unlawful acts through the eyes, ears, nose and throat, could have prevented

the violation of the ordinance and the accident by a spoken word to any of the numerous policemen who were present.

The burning of red fire was forbidden by the ordinance. The proof that the officials who had the duty to keep the streets in a reasonably safe condition permitted and in a limited way participated in the violation of this ordinance is evidence of the city's negligence. (*Martin* v. *Herzog,* 228 N. Y. 164; *Tedla* v. *Ellman,* 280 id. 124.) The rulings of the trial justice prevented the plaintiff from proving, through the testimony of an analytical chemist, the ingredients contained in the powder, but the fact that when unconfined it quickly ignites, giving off a brilliant color and a great quantity of noxious gases, requires the inference that, when confined, as in this pail, it will explode if ignited. (*Tortora* v. *State of New York,* 269 N. Y. 167; *Pettis* v. *New York State Electric & Gas Corp.,* 249 App. Div. 487; affd., 275 N. Y. 507.) Upon the new trial plaintiff should be permitted to prove the composition of the powder.

The question of defendant's negligence should have been submitted to the jury. It was to be reasonably apprehended that there might be an explosion when this highly-inflammable powder was being carried in metal pails through the streets where numerous persons had torches and other instrumentalities for lighting the small piles placed upon the curb or pavement. The plaintiff was upon the streets of the city for a lawful purpose and was injured through an explosion caused by acts forbidden by a city ordinance and in the presence of officials of the city charged with the duty of keeping the street safe, who had actual knowledge of all the conditions leading up to the injury.

The judgment should be reversed on the law and facts, with costs, and a new trial granted.

CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Judgment reversed on the law and facts, with costs, and new trial granted.