WILLIAM SMITH, Appellant, *v.* THE CITY OF ALBANY, Respondent.

Crapser, Bliss, Heffernan and Foster, JJ., concur; Hill, P. J., dissents, in an opinion.

Hill, P. J. (dissenting). Plaintiff appeals from a verdict in favor of the defendant in this negligence action. The case has been here earlier. (257 App. Div. 715.)

Plaintiff received his injuries while a member of a band of musicians marching in a political parade, from the explosion of a pail of red fire which was being used to illuminate the streets along the line of march. There was an ordinance of the city which forbade the burning of red fire in the streets. This was being violated with the knowledge and in the presence of the mayor, the commissioner of public works and many policemen of the city.

The charge in its entirety left much to be desired, and in one particular at least was prejudicially erroneous. " Plaintiff attended and marched in that parade, and he did not view this parade as a casual spectator whose attention might have been directed to it by the enthusiasm of the occasion and the music and excitement attendant upon all parades; but, on the contrary, as the evidence discloses, he participated in that parade as a member of a band of musicians for pay. So you must bear in mind in discussing this case among yourselves that the plaintiff willingly and voluntarily marched in that parade, as did hundreds of other people."

At three other places in the charge the court made a similar reference to the voluntary presence of the plaintiff, without disclosing to the jury upon what issue it should be considered. The fifth reference follows: " Plaintiff, like every other person, is chargeable with knowledge of the law, however ignorant in fact he may have been of it. That is, the plaintiff in this case is chargeable with knowledge of the fact that said ordinance of the City of Albany, New York, prohibited the use of fireworks, and having that knowledge he openly, freely and voluntarily participated in a parade when such ordinance was being violated to his knowledge. You have a right to take this element into consideration in determining whether or not the plaintiff was guilty of contributory negligence."

The respondent argues that the statements quoted are proper under the authority of *Johnson* v. *City of New York* (186 N. Y. 139). That case and the doctrine there presented is discussed in *Murphy* v. *Steeplechase Amusement Co., Inc.* (250 N. Y. 479) which had to do with an injury received by a person who voluntarily got upon " The Flopper." As described in the opinion, " It is a moving belt, running upward on an inclined plane, on which passengers sit or stand. Many of them are unable to keep their feet because of the movement of the belt, and are thrown backward or aside. * * * A fall was foreseen as one of the risks of the adventure. There would have been no point to the whole thing, no adventure

about it, if the risk had not been there." The discussion of the doctrine appears at pages 482 and 483: " One who takes part in such a sport accepts the dangers that inhere in it so far as they are obvious and necessary, just as a fencer accepts the risk of a thrust by his antagonist or a spectator at a ball game the chance of contact with the ball. [Citations.] * * * A different case would be here if the dangers inherent in the sport were obscure or unobserved [citations], or so serious as to justify the belief that precautions of some kind must have been taken to avert them. [Citations.] Nothing happened to the plaintiff except what common experience tells us may happen at any time as the consequences of a sudden fall."

In the case under consideration the explosion killed the young man who was carrying the pail, and plaintiff was rendered unconscious and received serious injuries. Under the *Steeplechase* doctrine, he accepted only the dangers which were " obvious and necessary " and which were " inherent in the sport " and which were not " obscure or unobserved," and he had a right to expect that, if there were obscure dangers so serious as to be liable to cause death and maiming, one of the large group of city officials present would take precautions to avert an injury. It was the duty of the city of Albany to keep the streets reasonably safe for the casual spectator and likewise for the musician in the band. The attendance at a parade is not ordinarily hazardous, either to the casual spectators or the participants in the band. The local law or ordinance which was being flouted by the city officials was intended to make the streets and public places of the city safe for pedestrians, spectators and paraders all alike. Plaintiff did not assume the risk created. The charge was erroneous and prejudicial.

I favor a reversal on the law and a new trial.