## ANNE REED v. THE CITY OF DETROIT.

*Municipal corporations—Defective streets—Notice.*

Where, in a personal injury case, the evidence shows that the plaintiff stepped into a hole in a plank culvert in a public street at about 8 o'clock in the evening, and that the hole was made, or at least first seen, about 5 o'clock in the morning of the same day, and there is no evidence of any actual knowledge on the part of, or notice to, the municipality of the existence of the hole prior to the accident, a verdict should be directed in favor of the defendant, for the reason that the hole had not existed long enough to constitute constructive notice; citing *Dittrich v. City of Detroit*, 98 Mich. 245.

Error to Wayne. (Reilly, J.) Submitted on briefs February 14, 1894. Decided February 27, 1894.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*John J. Speed*, for appellant.

*William S. Sheeran*, for plaintiff.

GRANT, J. The plaintiff, accompanied by her husband, son, and a niece, arrived in Detroit by boat September 30, 1890, from her home in Sand Beach, to visit friends living in Hamtramck. They took the Chene-street car, and rode to the terminus of the city limits. They alighted from the car, and, there being no sidewalk, they walked in the middle of the street. At the intersection of Chene street and the Boulevard, they crossed a culvert made of plank. There was a hole through one of the planks, into which the plaintiff stepped, and was injured. The negligence alleged is that the culvert was "defective, weak, rotten, and broken, and had a large and dangerous hole

therein, and had been in such unsafe condition for the space of 30 days, and was well known by defendant to be in such unsafe and dangerous condition." She also alleges that she fell through the hole, at which there was no barrier, guard, or light, or other signal of danger, to warn persons traveling over said highway.

The court instructed the jury that they must be satisfied that the hole was the proximate cause of the injury, as was alleged in the declaration, and that they would have no right to base a verdict upon the fact that the planks were rotten. The evidence on the part of the plaintiff showed that the hole was made, or at least was first seen, about 5 o'clock in the morning of the day of the accident. The court instructed the jury that the plaintiff must show that the defendant had had reasonable time and opportunity, after notice that such highway or culvert was unsafe and unfit for travel, to put the same in a proper condition; and also said to them that the fact that the hole remained there ·from 5 o'clock in the morning until the accident was not a proper length of time to charge the city with negligence in not having it repaired so as to be perfectly safe to the traveler over it.[1] There was no evidence of any actual knowledge on the part of, or notice to, the defendant of the existence of the hole prior to the accident. It follows, under the well-settled rule, that the court should have directed a verdict for the defendant, as requested, for the reason that the hole had not existed long enough to constitute constructive notice, and that no actual notice or knowledge was shown. *Dittrich v. City of Detroit,* 98 Mich. 245.

Judgment reversed, and new trial ordered.

The other Justices concurred.

---

[1] The accident occurred at about 8 o'clock in the evening.