in connection with a pledge of this stock had anything whatever to do with the amount agreed to be paid them for their commissions. It is not disputed that Stevens did receive the stock, did take office in the company, and render services for several years, and that he received a salary therefor. The evidence created a clear conflict of fact, and the court submitted these questions to the jury in a charge quite as favorable to the defendant as the circumstances required. There is abundant evidence to sustain the verdict.

I do not consider it necessary to state other questions of fact upon which there was evidence, as the basic questions were the employment of the plaintiff, the defendant's promise to pay him for his services, and his accomplishment of the arrangement with the firm of Scheffer, Schram & Vogel. In the three exceptions taken by the defendant, I do not find one that amounts to reversible error. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(54 App. Div. 69.)

HIGGINS v. BROOKLYN, Q. C. & S. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREET—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—QUESTION FOR JURY.
    Where plaintiff, walking at night in an unlighted part of a street, fell over an obstruction which she did not see, and of whose existence she was unaware, the question whether she was guilty of contributory negligence was to go to the jury.

2. STREET RAILROADS—OBSTRUCTION IN STREET—CONTRACTOR ON WORK—LIABILITY FOR ACCIDENT.
    Defendant street-railroad company received a permit from the city to lay a track in a street, and employed a contractor to perform the work. Plaintiff was walking along an unlighted part of the street in the dark, and fell over a cross-tie lying in the gutter and projecting above the level of the sidewalk. Laying of the tracks had progressed several blocks beyond the point where plaintiff fell, and the obstruction had been in the gutter between one and two weeks. A few nights previously a policeman had fallen over the same obstruction, and had notified the watchman on the work that it must be removed. Held, that a dismissal of the complaint at the close of plaintiff's case was improper; since the evidence, unexplained, was sufficient to hold the company, irrespective of whether the contractor was independent of the company or not.

3. MUNICIPAL CORPORATIONS—OBSTRUCTION IN STREET—NOTICE THEREOF—QUESTION FOR JURY.
    Where plaintiff's evidence, in an action against the city for injuries received by falling over an obstruction in the street, tended to show that the obstruction had been in the place where plaintiff fell between one and two weeks, and that a policeman had fallen over it a few nights previously and thereupon reported it to the captain of his precinct, the court should have allowed the jury to determine whether the city had constructive notice of the obstruction.

4. STREET RAILROADS—LEASE OF ROAD—LIABILITY OF LESSEE FOR TORT OF LESSOR.
    Where one railroad company, in laying its tracks through a city street, left an obstruction therein, over which plaintiff fell, and was injured, and

subsequently leased its road to another corporation, which operated the same, in the absence of anything further to connect the lessee with the accident, the complaint was properly dismissed as to such lessee.

Appeal from trial term, Kings county.

Action by Margaret Higgins against the Brooklyn, Queens County & Suburban Railroad Company, the Brooklyn Heights Railroad Company, and the city of Brooklyn. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

E. J. McCrossin, for appellant.

John L. Wells, for respondents Brooklyn, Queens County & Suburban R. Co. and Brooklyn Heights R. Co.

William Hughes, for respondent city of Brooklyn.

HIRSCHBERG, J. On the 1st day of September, 1897, the defendant the city of Brooklyn issued to the defendant the Brooklyn, Queens County & Suburban Railroad Company a written permit authorizing the railroad company to lay a double-track railroad on Utica avenue, in said city, upon the condition that all the work should be in conformity with the ordinances of the common council, and in accordance with regulations adopted by the board of city works covering the department of city works, and under the direction of the superintendent of the same. Pursuant to this permit, the railroad company contracted with one Morris Cohen to construct the tracks upon Utica avenue, and on the 25th day of September, 1897, the work had progressed four or five blocks beyond the corner of that avenue and Park place. The terms of the contract do not appear in the record. For a period prior to September 25, 1897, variously estimated by the witnesses at from one to two weeks, one of the railroad ties was left in the gutter at this corner between the crosswalk and the curb, close to the curb, and projecting an inch or an inch and a half above the curb. On the night of September 25th, in the dark, the plaintiff, walking along Utica avenue, with ordinary care, and ignorant of the presence of the tie, and the obstruction which it occasioned, was thrown into the street by stumbling or tripping over it, and received physical injuries, to recover compensation for which she brings this action. One of the police officers had been thrown by the same tie two nights before the accident in question, and at once notified the watchman working for the railroad company or the contractor, and also reported the occurrence verbally to the captain of the police precinct.

The nonsuit was improper. Whether the plaintiff was chargeable with contributory negligence was a question for the jury. It was undisputed that the night was dark, no light was on the corner where the obstruction had been placed, and there was nothing to indicate that its presence would be apparent to a pedestrian not apprised of its existence. The plaintiff testified that she did not see the tie, and that fact is not at all inconsistent with the exer-

cise of the degree of care which the law enjoins. A person may walk through city streets in either the day or night time, in reliance upon the assumption that the corporation whose duty it is to keep the streets in a safe condition for travel performed its duty in that respect, and that he is exposed to no danger from its neglect. Pettengill v. City of Yonkers, 116 N. Y. 558, 22 N. E. 1095. Where the danger is known beforehand or actually perceived at the time, or where the situation and surroundings are such as to indicate that want of knowledge must be the result of want of care, the question of contributory negligence may become one of law. But such is manifestly not the case at bar.

The evidence, unexplained and unrefuted, was sufficient to charge both the railroad company and the city with negligence. There is nothing to indicate that Cohen was an independent contractor, free from the supervision and control of the railroad company, nor would that company in such event be absolved from the consequences of such negligence as is shown herein. Weber v. Railway Co., 20 App. Div. 292, 47 N. Y. Supp. 7; Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207; Ramsey v. Contracting Co., 49 App. Div. 11, 63 N. Y. Supp. 286. As respects the city, it was for the jury to say whether, under the circumstances, the obstruction had remained a sufficient length of time to furnish constructive notice, and, if they found on that point in the plaintiff's favor, the city would be liable, notwithstanding the fact that the original negligence was that of the railroad company or of its contractor. Storrs v. City of Utica, 17 N. Y. 104; Kunz v. City of Troy, 104 N. Y. 344, 10 N. E. 442; Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344.

But I find no ground for holding the defendant the Brooklyn Heights Railroad Company liable for this accident. It was admitted that since July 1, 1898, that company had run over the Utica avenue tracks by lease from the Brooklyn, Queens County & Suburban Railroad Company. No other fact appears to connect the lessee company with the accident, and the plaintiff's claim that the lease carried with it, of necessity, liability for prior torts of the lessor, is unfounded. Indeed, the plaintiff's counsel admitted on the trial that, on the proof as made, the Brooklyn Heights Railroad Company was not "in the case."

The judgment should be affirmed, with costs as to the Brooklyn Heights Railroad Company, and reversed as to the other defendants, and a new trial granted, costs to abide the event. All concur.