MARGARET D. ORSER, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

CONSTRUCTIVE NOTICE OF OBSTRUCTION IN STREET. In the absence of evidence tending to show actual knowledge by a municipality of the presence of an obstruction in its streets, it is necessary to show constructive notice by lapse of time. The doctrine of constructive notice cannot fairly be applied unless there is evidence tending to show the presence of the obstruction at the place where the injury occurred long enough before-

hand to impute knowledge to the city officials. Where the testimony showed that for a short period before the accident, a loose stone of like character to that causing the injury was seen in that immediate locality, but "not in the position" where plaintiff fell, and that on the day before the injury such a stone was found in the roadway and removed therefrom, *held*, not sufficient to impute constructive notice to the city. *Turner* v. *City of Newburgh*, 109 N. Y. 301, distinguished.

*Orser* v. *City of New York*, 127 App. Div. 335, reversed.

(Argued November 30, 1908; decided December 15, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 29, 1908, which reversed a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granted a new trial.

This action was brought to recover for personal injuries alleged to have been received through defendant's negligence in permitting an obstruction to remain in one of its streets. The facts, so far as material, are stated in the opinion.

*Francis K. Pendleton, Corporation Counsel* (*James D. Bell* of counsel), for appellant. The trial court properly nonsuited the plaintiff, and the order of the Appellate Division reversing the judgment entered upon the nonsuit is erroneous. (*Jenney* v. *City of Brooklyn*, 120 N. Y. 164; *Morgan* v. *Vil. of Penn Yan*, 42 App. Div. 582; *Gorham* v. *Vil. of Cooperstown*, 59 N. Y. 660; *Lane* v. *Town of Hancock*, 142 N. Y. 510; *Bush* v. *Trustees of Geneva*, 3 T. & C. 409; *Breil* v. *City of Buffalo*, 144 N. Y. 163; *Fitch* v. *C. N. Y. T. Co.*, 42 App. Div. 321; *Griffin* v. *Mayor, etc.*, 9 N. Y. 456; *Bullock* v. *Mayor, etc.*, 99 N. Y. 654; *Diveny* v. *City of Elmira*, 51 N. Y. 506.)

*Charles H. Luscomb* for respondent. Defendant is a municipal corporation, required by its charter to maintain its highways in safe and proper condition, and it is the duty of the commissioner of street cleaning to remove or cause to be removed all movable property found upon any public street.

(L. 1897, ch. 378, § 545.)  Plaintiff rightfully assumed, in passing along a public highway at night, that, in the absence of warning, her way was normal and safe.  (*Mullins* v. *S. C. Co.*, 183 N. Y. 137; *Chisholm* v. *City of New York*, 141 N. Y. 246; *Turner* v. *City of Newburgh*, 109 N. Y. 306.) Defendant was required to use reasonable care and prudence in detecting and remedying any defect likely to be dangerous or cause an accident.  (*Butler* v. *Village of Oxford*, 186 N. Y. 446; *Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 324; *Beltz* v. *City of Yonkers*, 148 N. Y. 67.)

WILLARD BARTLETT, J.  The determination of this appeal depends upon the question whether there was any evidence adduced in behalf of the plaintiff sufficient to warrant the jury in finding that the city of New York had notice of the presence in the street of the obstruction which caused the injury to the plaintiff.  There was no attempt to prove actual notice to any officer or agent of the municipality.  The sole reliance of the plaintiff was upon the doctrine of constructive notice, based upon the proposition that the stone over which she fell had been at the place where the accident occurred long enough to charge the city with notice of its presence there.  It was a loose stone, forming no part of the pavement, but wholly separate therefrom, and is described as being "about twelve, fourteen or sixteen inches long and about six inches thick."  The plaintiff, between half-past five and six o'clock on the afternoon of January 12th, 1905, stepped out from the sidewalk at the southwest corner of Atlantic avenue and Smith street in the borough of Brooklyn, for the purpose of taking passage upon a trolley car, and while approaching the car she encountered and fell over a loose stone which was situated at the time between four and six feet from the curb and about three feet from the crosswalk.  The gravamen of the action was the alleged negligence of the city in permitting this unlawful obstruction to be in the highway.

The learned judge who presided at the trial nonsuited the plaintiff on the ground that she had failed to prove facts suf-

ficient to warrant the inference of constructive notice to the municipality. The Appellate Division thought that he erred in this respect and reversed the judgment entered upon the nonsuit. As between the conflicting conclusions reached in the courts below as to the sufficiency of the proof to establish constructive notice, I think that the view taken by the trial judge was correct, and that the order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed.

The loose stone over which the plaintiff fell was unquestionably an unlawful obstruction in the street. The fact that it was readily movable did not change its character in this respect. (*Davis* v. *Mayor, etc., of New York*, 14 N. Y. 506, 524.) In the absence of evidence, however, tending to show actual knowledge of its presence, at the place where the accident occurred, on the part of the municipal authorities, it was necessary for the plaintiff to prove constructive notice by lapse of time; that is to say, that the stone had been there so long that information of its presence could fairly be presumed, upon the assumption that the highway officials, in the exercise of reasonable care, ought to ascertain the existence of any unlawful obstruction in the streets which has lasted for any considerable length of time.

The sole witness relied upon to establish constructive notice was one Joseph T. Tierney. He testified that he had seen a loose stone of the same dimensions as that over which the plaintiff fell near the place of the accident " more than a week, going on two weeks," before it happened. He refused to identify it positively as the same stone but said there was no other stone there; " all I am ready to say is that I have seen around there some kind of a stone; I could not prove whether it was the same stone or not; all I will say is that around that corner, the southwest corner of Smith and Atlantic, for some time prior to this date I saw a stone and it was not in this position where this lady fell all the time that I saw it; at various times I saw it up against the telegraph pole." The telegraph pole to which the witness referred appears to have been upon the sidewalk just within the curb. He further tes-

tified that he had himself taken a stone from the roadway and placed it up against this telegraph pole over toward the gutter so that no horses would fall over it,.on the day before the accident; that he had seen it at various times up against the telegraph pole; that it was up against the telegraph pole the last time he saw it; and he would not say that the stone over which the lady fell was at the place where she fell fifteen minutes before the accident.

The fair purport of the testimony of this witness, taken as a whole, is that during a period of two or three weeks before the accident he had seen a loose stone of like character in the general locality but not at the precise place where the injury occurred; that during most of this time the stone was up near the telegraph pole, where it was not dangerous to travelers; but that on one occasion he found it in the roadway and being apprehensive that horses might stumble over it he removed it to the neighborhood of the telegraph pole.

In my opinion this evidence does not suffice to warrant the application of the doctrine of constructive notice. In the ordinary life of the community in any great city it is customary for the inhabitants to place objects in the street from time to time which, strictly speaking, constitute unlawful obstructions in the highway, and which if allowed to remain there for a sufficient length of time would charge the municipality with liability if their presence was productive of injury to others. Thus, for example, sidewalks are frequently occupied for a longer time than is necessary by ash cans and cans for garbage; and in trade localities, boxes, barrels and crates of merchandise are often unnecessarily allowed to incumber the streets. It would be a pretty severe rule, in the case of a drygoods box which had been permitted for a number of days to remain in a position on the sidewalk where it could practically harm nobody, to hold that because it was suddenly removed into the roadway and there caused an accident, the city was liable for the injury because it had constructive notice of the previous presence of the box on the sidewalk. In the present case, the stone referred to by the witness

Tierney was not likely to harm any one while it remained up near the telegraph pole ; and such appears to have been its position during the greater part of the period mentioned in his testimony.    No doubt it was an unlawful obstruction even in that position ; but if it had stayed there it would not have injured the plaintiff.    It became an unlawful obstruction *as to the plaintiff* only when it was removed into the roadway where she stumbled over it.    The doctrine of constructive notice, therefore, could not fairly be applied to her case unless there was evidence tending to show the presence of the stone in the precise place where she fell over it long enough beforehand to impute knowledge to the city officials. Such proof, it seems to me, was wholly lacking.

The case is quite different from *Turner* v. *City of Newburgh* (109 N. Y. 301), upon which the learned counsel for the respondent chiefly relies.    There the loose stone which caused the injury was a stone in the crosswalk over which the plaintiff was stepping to pass.    It constituted a defect in a crossing which the plaintiff had a right to assume was safe and secure.    The proof tended to show that for a week or more before the accident the stone over which the plaintiff in that case fell was loose and in a bad condition ; so that there was an ample basis for the application of the doctrine of constructive notice, inasmuch as it was the duty of the city officials of Newburgh in the exercise of reasonable care and supervision over the public streets to ascertain the existence of a defect in a permanent part of the roadway.    There is no analogy between such a case and one in which a portable object has been suddenly moved from a place in the street where it was harmless to a locality in the highway where it becomes dangerous to travelers thereon.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, HAIGHT and VANN, JJ., concur ; EDWARD T. BARTLETT and CHASE, JJ., dissent on opinion of WOODWARD, J., below.

Order reversed, etc.