## MORIARTY v. CITY OF NEW YORK.

(Supreme Court, Appellate .Division, Second Department. April 23, 1909.)

1. MUNICIPAL CORPORATIONS (§ 791*) — TORTS — DEFECTS IN STREETS — CONSTRUCTIVE NOTICE.

A piece of flagstone over which plaintiff fell was left by city employés about six inches from a curb hydrant, remaining on the sidewalk for two weeks, during. which time it was moved by boys to various places on the sidewalk within six feet from the hydrant. *Held*, that the whole time the stone was on the sidewalk justified a finding of constructive notice to the city, in an action for the injuries.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1647–1651; Dec. Dig. § 791.*]

2. COURTS (§ 107*)—RULE OF DECISION—CONSTRUCTION OF OPINIONS.

An opinion must be construed and interpreted in connection with the facts stated therein, and the record should not be looked to for the facts upon which the case was decided.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 360; Dec. Dig. § 107.*]

3. WORDS AND PHRASES—"GENERAL LOCALITY"—"NEIGHBORHOOD."

The phrase "general locality" and the word "neighborhood" imply a considerable territory, and cannot be used in a legal sense as describing a circle on a street of a diameter of about six feet.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp. 4773–4775.]

Appeal from Trial Term, Kings County.

Action by Mary Moriarty against the City of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

The action is for damages for negligence. The plaintiff tripped on a loose fragment of stone lying on the sidewalk at a street corner. It was about 18 inches long, 12 wide and 3 or 4 thick. It was a corner of a flag of the sidewalk there which city employés had recently broken off in setting a hydrant by the curb. They left it there close up to the hydrant. During two weeks it remained there, but not in the same exact spot. It was shifted from place to place, from 6 inches to about 6 feet from the hydrant, on the sidewalk and in the roadway, within a circle of a radius of about 6 feet from the hydrant as the centre. Boys moved it about and used it to jump from.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

James D. Bell, for appellant.

A. L. Pincoffs (Edward D. O'Brien, on the brief), for respondent.

GAYNOR, J. The time that the stone was being moved about on the street, two weeks, was ample to base a finding of constructive notice to the city on. It cannot be held, as the learned counsel for the appellant urges, citing the recent case of Orser v. City of New

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

York, 193 N. Y. 537, 86 N. E. 523, as authority, that every time the stone was shoved 6 inches, or a foot, or 6 feet, to a new position, a new question of constructive notice, dating from that time, arose, and that as there is no evidence to show how long it was on the precise spot where it was when the plaintiff tripped on it, there is no evidence of a sufficient length of time to base such notice on. It is evident that the whole time during which the stone was being shoved about from one spot to another within the small space in which it was all the time, i. e., within a circle of a radius of about 6 feet, has to be considered in establishing constructive notice to the city, and not merely the time elapsing after it was put on the precise spot where it was when the plaintiff tripped on it. It is true that it is said in the opinion in the Orser Case that the law of constructive notice could not be applied to the plaintiff's case "unless there was evidence tending to show the presence of the stone in the precise place where she fell over it" long enough to impute to the city officials notice that it was there. But it is also said there that the evidence showed that the stone had been in the "general locality" for two weeks, and that it had been "removed to the neighborhood of the telegraph pole," near which pole the plaintiff was hurt. This phrase "general locality," and word "neighborhood," imply a considerable territory, and the removal of the stone from the place where it was to another neighborhood, namely, the "neighborhood" in which the telegraph pole was. They cannot be understood in careful legal statement, if even in poetical or oratorical license or looseness, as describing a circle on a street of a diameter of 12 feet. We are told, however, that if the record of that case be looked into it will be found that the portable stone that caused the accident there was also all the while within a 12-foot circle, instead of from place to place in a territory large enough to be called a "general locality" or a "neighborhood"; but the decision must be tested and interpreted as based on and applicable to the state of facts stated in the opinion.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.