CELIA COHEN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

Municipal corporations — roads and streets — negligence — a municipality is not liable for an injury caused by a defect in a road or street until after notice of the defect and of a reasonable time in which to guard or repair the same.

1. Where a defect in a street or highway of a municipal corporation arises without fault of the municipality it is not chargeable with negligence until the lapse of a reasonable time in which to communicate to the proper officials knowledge and notice of the defect and of a reasonable time, after such notice and knowledge, within which to repair or guard against the same.

2. A rainstorm of almost unprecedented severity raised the water in a lake of a park, within a city, so that, notwithstanding the efforts of the employees to prevent it, the water overflowed and spread over a road in the park and washed out a gully at the side of the road several inches in depth. A policeman who discovered the defect in the morning telephoned some message relating thereto to his police station about a mile distant. About four hours later, while plaintiff was riding in a carriage over the roadway, the carriage ran into the gully and was tipped over, whereby plaintiff sustained the injuries for which she seeks to recover damages upon the ground that the city was negligent in respect to said defect. There is no evidence whether the locality in question was a central one or whether the roadway where plaintiff was traveling at the time of the accident was much used or not. *Held*, that the city cannot be held liable for negligence because it did not repair or guard such defect within four hours after the discovery thereof by such an agent as a policeman.

*Cohen* v. *City of New York*, 144 App. Div. 678, reversed.

(Argued February 2, 1912; decided February 13, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 5, 1911, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial. A motion for a nonsuit was made at the close of all the evidence. Deci-

sion on this motion was reserved pending submission of
the case to the jury and was finally granted after the
latter had failed to agree on a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Archibald R. Watson*, Corporation Counsel (*James
D. Bell* and *Frank Julian Price* of counsel), for appel-
lant. A reasonable time had not elapsed subsequent to
the notice and before the injury during which the city
could have remedied the condition that caused the acci-
dent, and, therefore, the city is free from liability for any
negligence. (*Farley* v. *Mayor, etc.*, 152 N. Y. 222.)

*Abraham C. Cohen* and *Michael H. Harris* for
respondent. What is a sufficient length of time to charge
city officials with notice is a question of fact for the jury
to consider and decide in view of all the circumstances
disclosed by the proofs in each particular case. (*Turner*
v. *City of Newburgh*, 109 N. Y. 301; *Rehberg* v. *City of
N. Y.*, 91 N. Y. 137; *Kunz* v. *City of Troy*, 16 N. Y.
S. R. 459; *Higgins* v. *B. C. & S. R. Co.*, 54 App. Div.
69.) The city is liable if the police officer knew of the
gully before the accident. (*Farley* v. *Mayor, etc.*, 152
N. Y. 222; *Rehberg* v. *City of N. Y.*, 91 N. Y. 137;
*Twogood* v. *Mayor, etc.*, 102 N. Y. 216; *Hawley* v. *City
of Gloversville*, 4 App. Div. 343; *Parks* v. *City of N. Y.*,
111 App. Div. 839.)

HISCOCK, J. While plaintiff was riding in a carriage
at about half-past twelve in the afternoon of October 9,
1903, over one of the roads in Prospect Park in the
borough of Brooklyn, the carriage ran into a gully at the
side of the road and was tipped over and she was injured,
and she has brought this action on the theory that the
defendant was guilty of negligence in respect to said defect.

Commencing on the morning of October 8th and con-
tinuing without interruption from that time until after

the accident there was a rainfall of very unusual extent in the city of Brooklyn. The result of this amongst other things was to so raise the water in one of the lakes in the park system that notwithstanding the efforts of employees to prevent it, the water overflowed and passing some distance spread over the road at the point of accident and washed out a gully several inches in depth. One of the plaintiff's witnesses was a policeman stationed near the place of accident and while his evidence was variable and unsatisfactory the jury probably would have had the right to say that he discovered the defect in the roadway at about half-past eight in the morning of the day of the accident. He thereafter telephoned to his police station about a mile away, some message, the purport of which is not given, except that it is assumed that it related in some way to the conditions which have been detailed. There is nothing in the record to indicate whether the locality in question was a central one or whether the roadway where plaintiff was traveling at that time was much used or not.

The question, of course, under these circumstances is whether a jury would have had the right to say that the defendant was guilty of negligence because it did not by barriers or in some other manner guard the defective highway, for it must be conceded that it was impossible to repair the road until the waters receded at some time after the accident. I am of the opinion that it would not have been permissible to allow the jury to say this, and that, therefore, the trial judge was correct in his disposition of the case.

It will be assumed, for the appellant's counsel seems to so assume, that the policeman was an agent of the city for the purpose of receiving notice of the condition of the highway and that it was his duty to communicate his knowledge to his superiors in order that it might be passed along to those officials who were charged with the duty of repairing or guarding against the defect. The

rule in this case, where the defect arose without fault on the part of the city, is that it would not be charged with negligence until lapse of a reasonable time in which to communicate knowledge and notice of the defect and of a reasonable time after such notice and knowledge within which to repair or guard against the same. (*Farley* v. *Mayor, etc., of New York*, 152 N. Y. 222, 226; *Sprague* v. *City of Rochester*, 159 N. Y. 20, 26.)

Many times the question whether reasonable diligence has been exercised is one of fact for the jury, but at others, when there is no dispute of fact, the question is one of law. (*Hedges* v. *Hudson River R. R. Co.*, 49 N. Y. 223; *Wright* v. *Bank of the Metropolis*, 110 N. Y. 237, 249.)

And in determining how speedily a municipality should be required to act in such a case as this to avert accidents a limit must some time be reached where the period between discovery of the defect and the accident is so short that a jury should not be allowed to say as a question of fact that due diligence has been lacking. I think that the present one is such a case and that the defendant should not be held liable because it failed within about four hours to remedy a defect not extraordinarily dangerous caused by a storm of almost unprecedented severity in a locality not appearing to have been either central or much traveled at that time. It must be assumed that after such a rainfall as this was, there were unusual demands on the city of many kinds and in many localities.

While no cases have been cited involving facts similar to those here presented, there are those which in a general way sustain our view.

*Rehberg* v. *Mayor, etc., of New York* (91 N. Y. 137) was an action to recover damages for injuries sustained by the fall of some bricks which had been piled in the street. The accident occurred about noon on May 5th. The pile was completed May 3rd and was commenced on or before April 29th, and as the jury would have been warranted in finding had reached the safety limit as early as Wed-

nesday or Thursday previous to the accident. A policeman saw the pile from time to time while it was going up, but it did not appear that he notified any officer or department of the city government. It was said by the court: "Notice to the policeman of this unlawful obstruction was, we think, notice to the city, and the city is chargeable with any neglect on his part * * * or for any negligence in permitting the obstruction to exist. Whether in view of the distribution of municipal powers * * * and the time which would be required by the city after notice to cause the obstruction to be removed, the city acted with reasonable diligence after notice to the policeman of its existence, and whether there was time after such notice, to have removed the obstruction before the happening of the accident, was a question of fact for the jury, to be determined upon all the circumstances of the case. The question presented is not free from difficulty, but we are of opinion that the case ought to have been submitted to the jury upon the question of negligence on the part of the defendant. If the city omitted to act with reasonable diligence after notice of an unlawful obstruction in the street * * * we think it would be no defense that it may not have known that the obstruction was in fact dangerous." (p. 144.)

It thus appears that in this case the question of the negligence of the city in not removing the bricks was regarded as "not free from difficulty," when it had had notice of the obstruction several days before the accident.

In *Blakeley* v. *City of Troy* (18 Hun, 167) it was held as a matter of law that the neglect of the city to remove ice before one o'clock in the afternoon which had formed the night before was not enough to make the city liable.

In *Reed* v. *City of Detroit* (99 Mich. 204) it was held that the existence of a hole in a culvert in a public street from five o'clock in the morning until eight o'clock in the evening was not for a sufficient time to permit a jury to. charge the defendant with constructive notice.

In *McKormick* v. *City of West Bay City* (110 Mich. 265) an alderman of the city and a member of the committee on streets, at about noon discovered that a plank had been removed from a walk on one of the public streets. He replaced it without fastening it and notified the street commissioner that evening and the defect was repaired the next morning. It was held as a matter of law that there was no unreasonable delay either in giving notice of or in repairing the defect.

I think that the insufficiency of the time which elapsed in the present case between discovery of the defect and the accident for the purpose of charging the defendant with negligence is also made very apparent by contrast with the facts in the cases cited by the plaintiff to sustain a right of recovery.

In *Kunz* v. *City of Troy* (16 N. Y. S. R. 459) the recovery was permitted for the negligence of the defendant in not removing a counter which had remained on the sidewalk from Tuesday until Saturday afternoon.

In *Higgins* v. *Brooklyn, Q. Co. & S. R. R. Co.* (54 App. Div. 69) it appeared as a basis for plaintiff's recovery that for one or two weeks prior to the date of the accident a railroad tie had been left in the gutter between the crosswalk and the curb of the street at an unlighted corner, and that one of defendant's police officers had been thrown by the same tie two nights before the accident and had reported the occurrence to the captain of the police precinct.

In *Turner* v. *City of Newburgh* (109 N. Y. 301) the loose stone in the street which caused plaintiff's accident had been in such condition for a week or more before the accident.

As has been stated, no case has been cited, and a careful search has failed to find one in which, under such conditions as surrounded this plaintiff's accident, a municipality has been held negligent because it has not repaired or guarded a defect in a street within about four hours

after discovery by such an agent as a policeman, and I think it would be going altogether too far to impose such a degree of liability.

In my opinion, the order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in both courts.

Chase, J. (dissenting).    The gulley was sixteen to twenty inches deep, concealed by water overflowing the entire roadway, and, consequently, the defect was an extraordinarily dangerous one.    It was known to the city and not discoverable by travelers without a special examination.    In my judgment it was a question of fact whether the failure to put up a barrier or give notice to travelers was negligence.

The judgment should be affirmed.

Cullen, Ch. J., Gray, Werner and Collin, JJ., concur with Hiscock, J., and Willard Bartlett, J., concurs in result; Chase, J., reads dissenting memorandum.

Order reversed, etc.