JOHN E. O'BRIEN, Plaintiff, v ANDREW CHRISTY et al., Defendants.

Supreme Court, Bronx County, March 15, 1989

## APPEARANCES OF COUNSEL

*Donald L. Frum & Associates (Donald L. Frum* of counsel), for defendants. *Reardon & Sclafani, P. C. (James M. Mimnaugh* of counsel), for plaintiff.

OPINION OF THE COURT

LEWIS R. FRIEDMAN, J.

Plaintiff exited from his residence and fell down into an underground vault directly in front of the doorway to his multiple dwelling owned by defendants. The vault covering, made of dollar glass and cast iron, was set into the sidewalk. The cover split and dropped plaintiff into a hole four feet deep which served as housing for utility lines into the building. Defendants move for summary judgment; plaintiff cross-moves for summary judgment, or alternatively, seeks to amend his complaint to add a cause of action in nuisance.

This case presents an issue not previously discussed in the reported cases: The responsibility of a residential landowner for injury resulting from a split vault covering over a vault which abuts his property.

It has long been the law in the State of New York that the duty of maintaining the sidewalks in safe condition is on the municipality *(Tremblay v Harmony Mills,* 171 NY 598), unless a charter, statute or ordinance clearly imposes liability on an owner *(City of Rochester v Campbell,* 123 NY 405). However, in determining the liability of the municipality "actual or constructive notice of the alleged unsafe condition must be established before liability can be imposed". *(Clemmons v Cominskey,* 1 AD2d 933, 934; *Orser v City of New York,* 193 NY 537.)* "When permission is given, by a municipal authority, to interfere with a street solely for private use and convenience in no way connected with the public use, the person obtaining such permission must see to it, that the street is restored to its original safety and usefulness" *(Clifford v Dam,* 81 NY 52, 56-57). However, a hole must be excavated and maintained "in proper repair; and they [can]not shield themselves from responsibility by claiming that their attention was not called to its imperfect condition" *(Irvine v Wood,* 51 NY 224, 229). This owner apparently seeks to disavow responsibility for the vault, in its entirety.

*Matter of 71 Fifth Ave. v City of New York Dept. of Fin.* (73 NY2d 861, 863) makes it clear that under Administrative Code of the City of New York § 11-2701 (4) the right to use, occupy or maintain a vault is " 'deemed to exist wherever a vault has not been filled in or closed by the licensee or abutting property owner.' " Thus, whether the landowner actually "uses" the vault is irrelevant to liability. The defendant owner was in control of the vault and cast iron plate over it; therefore, he had an affirmative obligation to maintain it properly.

Where there is construction on a sidewalk which results in a special benefit to an adjacent landowner the failure to maintain it in a reasonably safe condition results in liability *(Olivia v Gouze,* 285 App Div 762, *aff'd* 1 NY2d 811). This owner admitted at deposition that the plate with its glass inserts afforded light to his basement and an underground vault; further, the plate was the cover for a vault housing utility lines entering his basement. Clearly, the owner gained a "special benefit" from the plate. While this owner did not independently construct the vault and secure that benefit, it was nonetheless a benefit which runs with the land *(see, Olivia v Gouze, supra).* The owner takes the special benefit along with the property. Of course, the responsibility, " '[I]n consideration of private advantage' " *(Nickelsburg v City of New York,* 263 App Div 625, 626) is a concomitant of the benefit. When the sidewalk is constructed for the special use of the adjoining landowner, that special use imposes upon him the obligation to maintain the area of special use so as not to raise the spectre of peril to the traveling public *(Trustees of Vil. of Canandaigua v Foster,* 156 NY 354).

Defendant argues that private owners responsible for a portion of a sidewalk have no greater responsible than a municipality, and, therefore, can be held liable only if there is notice of an alleged unsafe condition. The rule has, however, long been that for "an abutting property owner [who] * * * comes within the specific benefit rule," notice is not required for liability to attach. *(Clemmons v Cominskey,* 1 AD2d 933, 934, *supra.)*

The court in *Babbage v Powers* (130 NY 281) provided for two different standards of care when an excavation is made in a municipal street. Judge Vann held that "ordinary principles governing actions of negligence" *(Babbage v Powers, supra,* at 286) were applicable when the excavation is made with proper consent or that authority may be inferred after usage over a period of years without objection; but, " 'persons who, without special authority, make or continue a covered excavation in a public street * * * for a private purpose, should be responsible for all injuries to individuals resulting' " *(Babbage v Powers, supra,* at 285) because they are thus guilty of creating a nuisance. In other words, if the usage was consented to by the municipality actual negligence on the part of the defendant must be found, if liability is to flow; but if the usage was without authorization the act is wrongful and defendant would be strictly liable. In 1891, Judge Vann recognized that

differing standards of care could be applicable if circumstances warranted. This court, similarly, recognizes that present circumstances and modern laws warrant other standards of care.

This owner of a multiple dwelling has the nondelegable responsibility to maintain his premises. Section 78 (1) of the Multiple Dwelling Law places an affirmative duty on the owner of a multiple dwelling to see that "Every multiple dwelling * * * and every part thereof and the lot upon which it is situated, shall be kept in good repair" (see, Worth Distribs. v Latham, 59 NY2d 231, 237). By virtue of a "special use" of the sidewalk abutting a multiple dwelling the owner becomes responsible and strictly liable for the cast iron plate in front of the entrance. The standard to which the owner is held for the multiple dwelling is no less for the walkway over which there is a special benefit than for the rest of the multiple dwelling. Indeed, it appears that each person who entered or exited the residence was required to pass over that plate at issue. Clearly, the owner was responsible for its maintenance. Here the owner claims that the responsibility was met because he "looked at" the plate every day. The record is clear that during the years the building was owned by defendant there was no "inspection" of the plate by anyone. Neither the plate nor its supporting structure was examined for structural integrity. That is patently inadequate for a plate over which thousands of people have walked.

This court grants summary judgment as to liability to the plaintiff; defendant's motion is dismissed. Plaintiff shall file a note of issue so that the issue of damages may be heard expeditiously.