■ WILLIAM D. PARROS et al., Respondents, v ABDULLAH ASSAD, Appellant, et al., Defendants. [622 NYS2d 298] —In an action to recover damages for personal injuries, the defendant Abdullah Assad appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated July 9, 1993, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly denied his motion for summary judgment. As a general rule, a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner created the defective condition, or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and imposed tort liability for breach of that obligation *(see, Bloch v Potter,* 204 AD2d 672; *Yass v Deepdale Gardens,* 187 AD2d 506; *Mackain v Pratt,* 182 AD2d 967). At bar, however, the plaintiffs' theory of the case is that the accident was caused by the appellant's failure to properly maintain a vault underneath the sidewalk which provided him with a special benefit, and issues of fact exist as to whether the appellant negligently failed to maintain the vault in good repair, and to correct any structural defect in the vault which might have caused the portion of the sidewalk covering the vault to collapse *(see,* McKinney's Uncons Laws of NY § 9445 [3] [a]; Administrative Code of City of NY § 11-2701 [4]; *Pouso v City of New York,* 177 AD2d 560, 562; *O'Brien v Christy,* 142 Misc 2d 1069). Furthermore, while it is undisputed that the codefendant City of New York took title to the subject premises prior to the accident in an in rem foreclosure proceeding, questions of fact remain as to whether the appellant continued to exercise management and control over the premises on the date of the accident. Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.