■ Asya Shirman, Appellant, v New York City Transit Authority, Respondent. [695 NYS2d 582] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 11, 1998, which granted the defendant's motion for summary judgment dismissing the complaint and denied as academic her cross motion for a preference pursuant to CPLR 3403 (a) (4).

Ordered that the order is reversed, on the law, with costs, the motion is denied and the cross motion is granted.

The plaintiff sustained physical injuries when she fell down a staircase at the Quentin Road exit of the Kings Highway subway station in Brooklyn. The plaintiff alleged that her fall was caused by the defendant's failure to provide adequate lighting on the stairs, which she described as being in "total darkness". The Supreme Court granted the defendant's motion for summary judgment, finding that the plaintiff failed to prove that the defendant had received constructive notice of the allegedly defective lighting condition. We reverse.

A landowner whose property is open to the public is charged with the duty of providing safe means of ingress and egress, which includes a duty to provide adequate lighting (*see, Quinlan v Cecchini,* 41 NY2d 686; *Wilder v Rensselaer Polytechnic Inst.,* 175 AD2d 534; *Kurth v Wallkill Assocs.,* 132 AD2d 529). Moreover, it is settled that a common carrier is obligated to exercise ordinary care in the maintenance of its stairways and stations (*see, O'Hara v New York City Tr. Auth.,* 248 AD2d 138; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670). The defendant cannot be held liable for a defective condition on its premises unless, *inter alia,* it had actual or constructive notice thereof and failed to remedy it within a reasonable time thereafter (*see, Doobovoy v New York City Tr. Auth.,* 259 AD2d 590; *Griffin v Long Is. R. R.,* 251 AD2d 288; *Rosario v New York City Tr. Auth.,* 215 AD2d 364). However, "[c]onstructive notice 'will generally be found where the defect is visible and apparent, and has been in that condition so long that the [Transit Authority] is presumed to have seen it, or to have been negligent in failing to see it' " (*Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249, *supra,* quoting *Schmidt v City of New York,* 179 App Div 667, 669, *affd* 228 NY 572; *see, Gordon v American Museum of Natural History,* 67 NY2d 836).

In the instant case, after the defendant made out a prima facie case for summary judgment, the plaintiff opposed the motion by proffering, *inter alia,* an affidavit of a regular commuter who had personally observed that the subject staircase was missing light bulbs and was in darkness during the evening rush hour for two to three weeks preceding the plaintiff's fall. This affidavit was sufficient to demonstrate the existence of an issue of fact as to whether the defendant should have been aware of the allegedly defective lighting condition and should have taken steps to remedy it (*see, Zayas v Morales,* 45 AD2d 610; *Moriarty v City of New York,* 132 App Div 10, *affd* 197 NY 544; *Higgins v Brooklyn, Queens County & Suburban R. R. Co.,*

54 App Div 69; *Miner v State of New York,* 196 Misc 752, *affd* 277 App Div 921), and the defendant's motion must therefore be denied.

The plaintiff established her entitlement to an age preference pursuant to CPLR 3403 (a) (4). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.