■ KATHERINE PAMAS et al., Appellants, v MARK DICKSON et al., Respondents. [699 NYS2d 311] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated November 19, 1998, as granted the respective cross motions of the defendants, Mark Dickson and Patricia Dickson, and the Incorporated Village of Garden City, for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Katherine Pamas tripped and fell on an allegedly uneven portion of a sidewalk which was adjacent to real property owned by Mark Dickson and Patricia Dickson, located on Whitehall Boulevard in the Incorporated Village of Garden City.

Contrary to the plaintiffs' contention, the Dicksons, the abutting landowners, established their entitlement to summary judgment as a matter of law by showing that they had not made a special use of the sidewalk or caused the alleged defect in it (*see,* CPLR 3212 [b]; *Figueroa v City of New York,* 227 AD2d 373; *Parros v Assad,* 212 AD2d 520). Likewise, the Incorporated Village of Garden City established that it had not received notice of the defect before the accident, had not caused

the alleged defect, and had not derived any benefit through the use of the sidewalk (*see*, Village Law § 6-628; CPLR 9804; *see also, Poirier v City of Schenectady*, 85 NY2d 310; *Doremus v Incorporated Vil. of Lynbrook*, 18 NY2d 362). Accordingly, it was also entitled to summary judgment.

The engineer's report submitted by the plaintiffs in opposition to the cross motion was not made in the form of an affidavit or affirmation before a notary public and therefore did not constitute admissible evidence. In any event, it was insufficient to raise a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Under the circumstances, the Supreme Court did not err in granting summary judgment to the defendants.

The plaintiffs' remaining contentions are without merit. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.