SECOND DEPARTMENT, OCTOBER, 2000

(October 2, 2000)

■ JANINE ASIA-LEE et al., Appellants, v GANDIN SCHOTSKY AND RAPPAPORT, P. C., Respondent. [713 NYS2d 753] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 8, 1999, which denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff Janine Asia-Lee retained the defendant, Gandin Schotsky and Rappaport, P. C. (hereinafter Gandin), to pursue a personal injury claim against a restaurant. Several months later, Gandin negotiated a settlement of her claim for $12,000 with the restaurant's insurance carrier, and Asia-Lee signed a general release. After the general release was mailed to the insurance carrier, but before the insurance carrier mailed the settlement check, Asia-Lee notified Gandin that she had

changed her mind and did not want to settle her claim for that amount. Although Gandin advised her that she could not revoke the settlement agreement, it nevertheless contacted the carrier, which refused to reopen negotiations. Asia-Lee ultimately accepted the proceeds of the settlement.

Asia-Lee and her husband commenced this action to recover damages for legal malpractice, alleging that Gandin was negligent in its settlement of the underlying claim against the restaurant. The plaintiffs subsequently moved for summary judgment on the limited issue of whether Gandin negligently failed to revoke the settlement agreement when informed that Asia-Lee had changed her mind.

A cause of action alleging legal malpractice requires a plaintiff to demonstrate, *inter alia,* that the attorney failed to exercise the skill commonly exercised by an ordinary member of the legal community (*see, Rau v Borenkoff,* 262 AD2d 388; *Lefkowitz v Lurie,* 253 AD2d 855). The Supreme Court properly denied the plaintiffs' motion, as they failed to establish that Gandin was negligent as a matter of law in concluding that the settlement agreement could not be revoked based on Asia-Lee's change of mind (*see generally, Mangini v McClurg,* 24 NY2d 556; *Appel v Ford Motor Co.,* 111 AD2d 731), after the release had been signed and mailed to the insurance carrier (*see, Condo v Mulcahy,* 88 AD2d 497; *see also, Calavano v New York City Health & Hosps. Corp.,* 246 AD2d 317).

In view of our determination, we need not reach the parties' remaining contentions. O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.