■ MARIE A. JOSEPH, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, and CITY OF NEW YORK, Defendant. [716 NYS2d 600] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated October 6, 1999, as denied its motion, *inter alia,* pursuant to CPLR 3212 for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that on a motion for summary judgment, the movant is required to set forth evidence establishing its prima facie entitlement to judgment as a matter of law. A failure to do so requires the denial of the motion, regardless of the sufficiency of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Guck v Palozzi,* 269 AD2d 777; *cf., Pamas v Dickson,* 267 AD2d 219). Given the appellant's failure of proof, the Supreme Court properly denied the motion. O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.

■ KING PARTY CENTER OF PITKIN AVENUE, INC., Respondent, v MINCO REALTY, L. L. C., Appellant. [716 NYS2d 886] —In an action, *inter alia,* for a judgment declaring that the defendant's refusal to consent to a proposed sublease is unreasonable, the defendant appeals from an order of the Supreme Court, Kings County (Garson, J.), dated June 7, 2000, which granted that branch of the plaintiff's motion which was, in effect, for summary judgment declaring that the defendant's refusal to consent to the plaintiff's sublease was unreasonable, and deemed the defendant to have given its consent thereto.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.

Contrary to the defendant's contention, "Additional Rider No. 3" to the parties' lease did not bar the plaintiff from commencing this action when it did, as that provision places no restriction on the plaintiff's right to seek judicial intervention.

The defendant's remaining contention is also without merit. Bracken, J. P., Santucci, Altman and Florio, JJ., concur.