■ BEATRICE I. CHRISTIE et al., Appellants, v HAITIAN CENTERS COUNCIL, INC., Defendant and Third-Party Plaintiff-Respondent. GEORGE LEWIS BUILDERS, INC., Third-Party Defendant. [720 NYS2d 834] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Garry, J.), dated February 9, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the causes of action based on Labor Law § 240 (1) and § 241 (6) and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the appellants.

The plaintiffs' decedent was employed by the third-party defendant George Lewis Builders, Inc., and was performing renovation work in a building owned by the defendant Haitian Centers Council, Inc. (hereinafter Haitian). The decedent was found dead at the bottom of an elevator shaft in the building.

The plaintiffs commenced the instant action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6). The Supreme Court improperly dismissed the plaintiffs' causes of action based on Labor Law § 240 (1) and § 241 (6). Haitian did not establish its entitlement to summary judgment dismissing these causes of action as a matter of law. Accordingly, it was not entitled to summary judgment on those causes of action regardless of the sufficiency of the plaintiffs' opposing papers (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

However, the Supreme Court properly dismissed the cause of action based on Labor Law § 200, as the plaintiffs failed to rebut Haitian's prima facie showing that it did not direct or control the decedent's work (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876). Ritter, J. P., Krausman, McGinity and Smith, JJ., concur.