■ MCCORMACK & PHILLIPS, Appellant, v HARRIET KRIM, Respondent. (Action No. 1.) HARRIET KRIM, Respondent, v RONALD A. PHILLIPS, Appellant. (Action No. 2.) [724 NYS2d 643] —In related actions, *inter alia*, to recover payment of legal fees and to recover damages for legal malpractice, the plaintiff in Action No. 1, McCormack & Phillips, and the defendant in Action No. 2, Ronald A. Phillips, appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated February 9, 2000, which denied their motion for summary judgment dismissing the legal malpractice counterclaims in Action No. 1, and the complaint in Action No. 2.

Ordered that the order is affirmed, with costs.

It is well settled that "[t]o establish a cause of action to re-

cover damages for legal malpractice, a [client] must prove (1) that the * * * attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the [client] would have been successful in the underlying action had the attorney exercised due care" (*Iannacone v Weidman,* 273 AD2d 275; *see, Asia-Lee v Gandin Schotsky & Rappaport,* 276 AD2d 453; *Rau v Borenkoff,* 262 AD2d 388; *U.S. Ice Cream Corp. v Bizar,* 240 AD2d 654). On a motion for summary judgment to dismiss a legal malpractice cause of action, the attorney "must proffer admissible evidence establishing that the [client] is unable to prove at least one of the essential elements of his or her case" (*Suydam v O'Neill,* 276 AD2d 549, 550; *see, Shopsin v Siben & Siben,* 268 AD2d 578; *Lefkowitz v Lurie,* 253 AD2d 855).

The Supreme Court correctly concluded that the appellants failed to meet their initial evidentiary burden, and thus, their motion for summary judgment was properly denied without reference to the adequacy of the respondent's responsive papers (*see, Republic Natl. Bank v Zito,* 280 AD2d 657; *Christie v Haitian Ctrs. Council,* 280 AD2d 633; *Hayward v Rose & Thistle,* 278 AD2d 455; *Joseph v New York City Tr. Auth.,* 277 AD2d 355).

We note that the respondent did not plead, either as a counterclaim in Action No. 1, or as a cause of action in Action No. 2, that the appellants were negligent in refusing to sue her ex-husband for an increase in support. Thus, the appellants' arguments that such claims do not lie are irrelevant.

The appellants' remaining contentions are without merit. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.