■ MARIE ORSI, Appellant, v COUNTY OF DUTCHESS et al., Respondents. [813 NYS2d 537]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sproat, J.), dated January 7, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff sustained physical injuries when she slipped while descending the steps of a Dutchess County Loop bus. It had been raining on the day of the accident. Prior to the accident, in addition to numerous complaints concerning slippery bus floors, the bus driver took one of the defendants' managers onto the bus and poured water onto the floor to show him the slippery condition. The plaintiff alleged that her fall was caused by the excessively slippery condition on the bus floor and that the defendants had actual and constructive notice of such condition. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint finding that the plaintiff failed to raise a triable issue of fact as to the existence of a defective condition on the bus. We reverse.

The defendants' expert's affidavit was insufficient to make out a prima facie entitlement to summary judgment. In any event, based on the uncontroverted evidence of the defendants' actual notice concerning the slippery and dangerous condition on their bus floors, triable issues of fact exist as to whether the defendants exercised reasonable care under the circumstances (*see Lesser v Manhattan & Bronx Surface Tr. Operating Auth.*, 157 AD2d 352, 355 [1990], *affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth.*, 79 NY2d 1031 [1992]; *see generally Bethel v New York City Tr. Auth.*, 92 NY2d 348, 351 [1998]; *Shirman v New York City Tr. Auth.*, 264 AD2d 832, 833 [1999]). Accordingly, the defendants' motion should have been denied. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.