■ TERRY SANTIAGO, Appellant, v FELLOWS, EPSTEIN & HYMOWITZ, P.C., et al., Respondents. [886 NYS2d 766]—

In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated April 14, 2008, as denied her motion for summary judgment on the complaint and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

To establish a cause of action to recover damages for legal malpractice, "a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Fireman's Fund Ins. Co. v Farrell*, 57 AD3d 721 [2008]). "To succeed on a motion for summary judgment dismissing a

cause of action alleging legal malpractice, the attorney must establish, through the submission of evidentiary proof in admissible form, that the plaintiff is unable to prove at least one of the essential elements of the cause of action" (*Fireman's Fund Ins. Co. v Farrell,* 57 AD3d at 722; *see Velie v Ellis Law, P.C.,* 48 AD3d 674 [2008]; *McCormack & Phillips v Krim,* 283 AD2d 464, 465 [2001]).

In support of that branch of their cross motion which was for summary judgment, the defendants established, prima facie, that during their representation of the plaintiff in the underlying action, Selective Insurance Company (hereinafter Selective), the insurer of two of the four defendants in the underlying action, did not offer to settle the matter on behalf of its insureds for the $1,000,000 policy limit. The defendants submitted an affidavit from the individual defendant Robert L. Fellows, who categorically denied that Selective ever made a $1,000,000 settlement offer to the defendants or to the plaintiff during the defendants' representation of the plaintiff. Rather, he explained that by letter dated August 6, 2002 from Selective to Travelers Insurance Company (hereinafter Travelers), the insurer of one of the defendants in the underlying action, Selective "tendered its $1 million single limit policy to Travelers. Selective requested that Travelers assume the handling and defense of the action. On August 15, 2002, a mere nine days after Selective's letter tender to Travelers of its policy limits, Selective retracted the tender." According to Fellows, it was not until June 2003 that the plaintiff directed him to settle the underlying action with Selective for a total sum of $1,000,000. However, Selective never made such an offer, and thus, Fellows could not possibly have acted on the plaintiff's behalf to settle the case, and his failure to do so cannot be deemed malpractice. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]).

In light of our determination, we need not address the plaintiff's remaining contentions. Rivera, J.P., Florio, Belen and Austin, JJ., concur.